IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**ANASTASIA GRADY n.k.a REUTELSHOFER**
**KENNETH S. GRADY**

    Plaintiffs,

v.

                                 Civil Action No. 2:24-cv-00214

**WOOD COUNTY, WEST VIRGINIA**

    Defendant.

## COMPLAINT

### INTRODUCTION

1. This civil rights action seeks damages for Wood County's unconstitutional taking without just compensation of a Parkersburg home owned jointly by Anastasia Reutelshofer (formerly Grady) and Kenneth S. Grady, who are brother and sister.

2. Plaintiffs allege Wood County took their home pursuant to a long-standing practice, policy, and custom of collecting small debts owed for unpaid property taxes by taking title and transferring ownership of the full value of the property to third parties, without paying the owners compensation for the difference between the property's value and the tax debt, and in violation of the constitutional prohibitions against excessive fines, invidious discrimination, and arbitrary and capricious government actions.

3. Plaintiffs allege this policy, custom, and practice is unconstitutional and lacks a valid public purpose, and specifically that Wood County's failure to pay just compensation for the taking of Plaintiffs' home violated their constitutionally protected property rights.

## JURISDICTION

4. Plaintiffs bring their federal constitutional claims pursuant to 42 U.S.C. § 1983.

5. This Court has jurisdiction over those claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3) & (4).

6. Venue is proper in the Charleston Division of the United States District Court for the Southern District of West Virginia because the Defendant operates in this division and the events at issue occurred here.

## PARTIES

7. Plaintiff Anastasia Reutelshofer (formerly Grady) is a natural person who at all times relevant resided at 1300 West Virginia Avenue in Parkersburg, Wood County, West Virginia.

8. Plaintiff Kenneth S. Grady, her brother, is a natural person who at all times relevant resided in a home located in Vienna, West Virginia.

9. Plaintiffs' mother, Dawna Farnsworth Grady, inherited a home at 1300 West Virginia Avenue upon the death of her husband in 2014.

10. As part of her own estate planning process, in 2019 Dawna Grady executed a deed transferring joint title to the home at 1300 West Virginia Avenue to the Plaintiffs as tenants in common.

11. Defendant Wood County, West Virginia is a political subdivision of the State of West Virginia. Under state law, it exercises governmental and tax collecting authority within the City of Parkersburg and the other areas within its geographical boundaries.

12. Through its agencies, the Tax Department of the Wood County Sheriff's Office, and the Wood County Commission, Wood County may exercise jurisdiction and authority under

color of state law to enforce payment of real property taxes due on residential properties within the County, including the residential property at 1300 West Virginia Avenue in Parkersburg.

13.   By long-standing policy and practice, the County has elected to collect unpaid property taxes through an auction sale of tax liens on properties with unpaid taxes to third party speculators. The proceeds of the sale of those liens pay the taxes claimed by Defendant. If the lien is not paid (or "redeemed") by the property owners after a single demand for payment, Wood County issues a tax deed for the property under color of state law. The tax deed terminates the owners' rights to redemption and deprives the property owners of legal title to their home and of its entire value. This tax deed is issued privately to the third-party speculator who won the tax lien auction, giving the third-party speculator good, transferable legal title and the full market value of the property, clear of all liens, as a windfall return on their minimum investment.

## STATEMENT OF FACTS

14.   The home at 1300 West Virginia Avenue was not encumbered by any outstanding lien or mortgage at the time Dawna Grady deeded it jointly to the Plaintiffs.

15.   After recordation of the deed from Dawna Grady, the tax account for this home was listed in the joint names of Kenneth S. Grady and Anastasia Grady.

16.   Plaintiffs agreed between themselves that Anastasia Grady (who has since married and is now known as Anastasia Reutelshofer) and her family would reside in the home at 1300 West Virginia Avenue, Parkersburg, West Virginia.

17.   The siblings further agreed between themselves that Anastasia Reutelshofer would pay defendant Wood County the taxes on the 1300 West Virginia Avenue home in which she lived as they became due.

18. Plaintiff Reutelshofer and her husband later suffered financial hardships that caused her to fall behind on the property taxes due defendant Wood County on the home at 1300 West Virginia Avenue.

19. Consequently, the Wood County Sheriff later auctioned off a tax lien in the amount of $1,282.41 to which the 1300 West Virginia Avenue home owned by the Plaintiffs was thereafter subject.

20. A third-party speculator company, TASHPA, LLC, paid Wood County $ 3,467.79 to win the auction for the tax lien on the Plaintiffs' home, a bid almost three times the amount of the taxes Plaintiffs owed defendant.

21. Plaintiffs were not paid any of the excess amount which Defendant received from the tax lien sale nor did Defendant provide Plaintiffs notice of a limited right to claim that excess.

22. Thereafter, TASHPA LLC requested that Wood County's County Commission, the County agency charged in part with implementing Defendant's customs, policies and practices for collection of unpaid property taxes, issue TASHPA LLC a tax deed depriving Plaintiffs of their ownership of the 1300 West Virginia Avenue home, terminating Plaintiffs' right of redemption of that home, and assigning that property and its entire value to TASHPA LLC, free and clear, without any further consideration beyond the amount TASHPA LLC originally bid and paid for the tax lien.

23. Plaintiff Anastasia Reutelshofer thereafter received a Notice of Right to Redeem the West Virginia Avenue home, advising that unless she paid Wood County $2,235.18 on or before March 31, 2022, the County thereafter would issue a tax deed to TASHPA, LLC, divesting her and her brother of ownership of the West Virginia Avenue home and the entirety of their equity in it.

24. The redemption amount included sums in excess of the actual unpaid taxes and did not account for the $3,467.79 defendant actually received from the sale of the lien on Plaintiff's' property.

25. At the time that Notice was sent, the Wood County Tax Assessor appraised the value of the home at 1300 West Virginia Avenue as exceeding $150,000.00.

26. Despite the family's continuing financial hardships, Plaintiff Anastasia Reutelshofer went to great lengths to scrape together the amount needed to redeem the tax lien on her house and prevent its taking by the defendant.

27. Plaintiff Anastasia Reutelshofer finally accumulated all the funds demanded shortly before the redemption deadline.

28. Plaintiff Reutelshofer gave the Notice of Redemption and the full amount of the funds it demanded to her mother, Dawna Grady, to take to Wood County to pay the redemption amount in full before the deadline. Dawna Grady agreed to make that payment with Plaintiff Reutelshofer's funds so that Plaintiff Reutelshofer would not have to miss work.

29. Dawna Grady took the payment and the Notice to Defendant and told the person staffing the desk that she was there to pay the amount demanded in the Notice of Right to Redeem she presented.

30. The staffer accepted the Notice of Right to Redeem and the funds and gave Dawna Grady back a receipt for the payment and the Notice of Right to Redeem.

31. However, unbeknownst to Dawna Grady or the Plaintiffs, instead of applying the payment to the amount demanded by the Notice of Right to Redeem for the property located at 1300 West Virginia Avenue, the person staffing the office applied the payment to taxes owed on a property or properties in the name of Kenneth R. Grady, the Plaintiffs' deceased uncle.

32.　　Because the clerk did not properly credit the payment to the account relating to 1300 West Virginia Avenue and the Notice of Right to Redeem issued for that home, the period of redemption expired without payment being credited to Plaintiffs' property as it appears on Defendant's tax records.

33.　　Plaintiffs did not learn of the clerk's error for a long time. By then, it was too late to correct the error.

34.　　That was because on April 29, 2022, pursuant to policy, practice and custom, through Mark Rhodes, then Clerk of the Wood County Commission, defendant Wood County issued a tax deed to TASHPA LLC, terminating the Plaintiffs' right of redemption and divesting Plaintiffs of all their legal right, title, equity and interest in the home at 1300 West Virginia Avenue, transferring legal title to that home and its unencumbered $150,000.00 value instead to TASHPA LLC.

35.　　At all times relevant before April 29, 2022, Plaintiffs had a constitutionally protected property interest in the ownership of the home at 1300 West Virginia Avenue, the equity therein, and in the right of redemption applicable to that home.

36.　　The April 29, 2022, taking by Defendant Wood County confiscated these interests from Plaintiffs, in furtherance of Wood County's long-standing custom, policy and practice of taking the entire value of tax sale properties from the property owners, regardless of how little might be due in taxes, terminating their right of redemption, and then transferring legal title and the entirety of the value of that property to the windfall benefit of third-party tax lien speculators like TASHPA LLC.

37. This custom, policy, and practice lacks any valid public purpose, but confiscates and transfers to these third parties as a windfall legal title to and the entire value of the property, value almost always in excess of the actual amount of any taxes, fines and penalties actually owed.

38. Moreover, the custom, policy and practice herein challenged does not serve a valid public purpose and does not serve solely a remedial purpose.

39. The West Virginia Legislature has noted that a significant purpose of the tax collection procedures Wood County has chosen to utilize is to take property from people who have trouble keeping current on their tax bills in order to give that property to parties with greater resources to pay taxes promptly. *See* W. Va. Code § 11A-3-1(2) ("[T]he Legislature declares that its purposes in the enactment of this article are . . . . (2) to provide for the transfer of delinquent and non-entered lands to those that will make beneficial use of said lands who are more responsible to, or better able to bear, the duties of citizenship than were the former owners . . . .").

40. The penalty Plaintiffs suffered from loss of the right of redemption, their title and their equity in the home at 1300 West Virginia Avenue, bears no correlation to any actual loss of tax revenue or costs incurred by Wood County in collecting property taxes owed on the home at 1300 West Virginia Avenue or of enforcing the law requiring Plaintiffs' payment of such taxes.

41. Further, Wood County wrongly failed and refused to pay Plaintiffs just compensation for the value of the real property taken from them, or for the amount it originally obtained from TASHPA LLC in excess of the taxes actually due, to Plaintiffs' financial injury.

42. In addition, property owners like Plaintiffs who are subject to collection of unpaid property taxes owed Wood County are invidiously discriminated against by Wood County's policy, custom and practice.

43. In West Virginia, involuntary liens on real property held by non-government creditors can only be collected and enforced through judicial foreclosure, a process in which the property owners may assert defenses and counterclaims. If the foreclosure case is not settled and judgment is entered against the property owner, the property to which the lien applies is sold at public auction. Any member of the public, including the property owners, may bid at this auction and the property is sold to the highest bidder.

44. The price paid by the public auction's winning bidder is allocated then first to pay the costs of the sale and then to pay the lienholders. Any remainder represents the owner's equity and is paid to the property owner, including a minimum amount constituting a homestead exemption guaranteed by the West Virginia Constitution.

45. On the other hand, homeowners like Plaintiffs whose property is subject to unpaid property tax debts owed government actors like Wood County lose their constitutionally protected property rights without judicial proceedings. Moreover, Wood County customarily confiscates the entirety of the tax debtor's equity in their property without exemption, limit, compensation, or payment of just compensation or the constitutional homestead exemption.

46. Plaintiffs would not have lost the entirety of the $150,000.00 equity in the home at 1300 West Virginia Avenue, or their constitutional homestead exemption, had Wood County or TASHPA LLC owned an involuntary lien on Plaintiffs' property arising from a private debt, nor would Wood County or TASHPA LLC have been allowed or entitled to take the full $150,000.00 value of Plaintiffs' property as a windfall because of an unpaid private debt in the amount of only $2,235.18.

47. Plaintiffs have been injured as the result of Defendant's unconstitutional and wrongful acts, including by loss of legal title and ownership of the home at 1300 West Virginia

Avenue home, loss of their redemption rights and confiscation of all the equity they held in that home before April 29, 2022, and defendant's retention of the excess proceeds of the sale of the original tax lien..

48. Plaintiffs also have suffered other financial out of pocket losses, including amounts that now must be paid monthly to TASHPA LLC to prevent eviction from the home.

49. Finally, Plaintiffs have suffered other general damages as a result of Defendant's violation of the constitutional rights, including worry, anxiety, frustration, and loss of financial opportunities.

## COUNT I – VIOLATION OF 42 U.S.C. § 1983
### Uncompensated Taking in Violation of the United States Constitution

50. Plaintiffs incorporate all preceding paragraphs by reference.

51. As shown by the events and circumstances pleaded above, defendant Wood County, pursuant to policy, custom and practice, under color of state law has deprived Plaintiffs of rights, privileges and immunities granted by the United States Constitution.

52. Specifically, Wood County wrongly engaged in a taking of their property other than for valid public use and without payment of just compensation, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

53. Plaintiffs have been injured as a result of defendant's violation of their constitutional rights under the Fifth Amendment.

## COUNT II – VIOLATION OF 42 U.S.C. § 1983
### Excessive Fine in Violation of the United States Constitution

54. Plaintiffs incorporate all preceding paragraphs by reference.

55. As shown by the events and circumstances pleaded above, defendant Wood County, pursuant to policy, custom and practice, under color of state law has deprived Plaintiffs of rights, privileges and immunities granted by the United States Constitution.

56. The penalty inflicted by Wood County's confiscation of all of Plaintiffs' property interests in the 1300 West Virginia Avenue home was not solely remedial and bore no correlation to any actual loss of tax revenue or costs of enforcing the tax laws attributable to any wrong doing by Plaintiffs.

57. By confiscating the entire $150,000.00 value of their home for non-payment of $2,235.18 in property taxes, interest and fees, Wood County therefore imposed and enforced an excessive fine on Plaintiffs, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

58. Plaintiffs were injured as a result of defendant's violation of their constitutional rights under the Eighth Amendment.

### COUNT III – VIOLATION OF 42 U.S.C. § 1983
### Denial of Substantive Due Process

59. Plaintiffs incorporate all preceding paragraphs by reference.

60. Plaintiffs' ownership of the home located at 1300 West Virginia Avenue was a property interest recognized by the United States Constitution.

61. Likewise, Plaintiffs had a property interest in their redemption rights to that home and the equity they held in it as also recognized by the United States Constitution.

62. As shown by the events and circumstances pleaded above, Wood County's action, under color of state law, in confiscating legal title to the Plaintiffs' home and their entire equity in it to collect a relatively small sum in unpaid property taxes was arbitrary and capricious and in

violation of due process, a right, privilege and immunity granted Plaintiffs by the Fourteenth Amendment to the United States Constitution.

63. Plaintiffs were injured as a result of Defendant's violation of their constitutional rights to due process.

## COUNT IV – VIOLATION OF 42 U.S.C. § 1983
### Denial of Equal Protection

64. Plaintiffs incorporate the preceding paragraphs by reference.

65. Consistent with the constitutional guarantee of equal protection and the right to equal treatment before the law, the government may not impose unduly harsh, punitive or discriminatory terms when collecting debts merely because the obligation is owed a public treasury rather than to a private creditor.

66. The government violates these precepts, and the guarantee of equal protection, when it unreasonably and punitively denies those who owe a debt to the government the exemptions and protections against confiscation possessed by those who owe private civil debts. *See James v. Strange*, 407 U.S. 128, 138 (1972).

67. Had Plaintiffs owed $1,282.41 to a private creditor secured by an involuntary lien on their home, the enforcement of that lien would have required its holder to file a judicial action against Plaintiffs, who would have been entitled to present defenses to foreclosure of that lien and sale of their home, such as the fact that the taxes were timely paid but mistakenly credited.

68. Even if their defense were unsuccessful, Plaintiffs then would have had a right to have the home sold to the highest bidder upon open, competitive bidding at public auction, rather than suffer a private transfer by defendant to a speculator for consideration paid only to defendant.

69. Moreover, upon such sale Plaintiffs would be entitled to recover from the sale proceeds after payment of costs (i) the excess of the total sale price over the amount of the lien, or (ii) at least the amount of their constitutionally guaranteed homestead exemption.

70. Wood County's custom, policy and practice as challenged here invidiously denied Plaintiffs each of these procedural and substantive rights and protections simply because the Plaintiffs owed a debt to defendant, a governmental actor, rather than to a private creditor.

71. The differing treatment afforded homeowners whose property is subject to a lien for unpaid property taxes and homeowners whose property is subject to an involuntary lien in the same amount owed to a private creditor, is punitive, arbitrary, unreasonable, and invidiously discriminatory, such that Plaintiffs were denied the equal protection of the law.

72. Had Plaintiffs not been subject to invidious discrimination in this fashion, they would not have been harmed to the extent that Wood County injured their constitutionally protected property interests.

73. Consequently, under color of state law, defendant Wood County deprived Plaintiffs of rights, privileges, and immunities granted them by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

74. Plaintiffs were injured as a result of Defendant's violation of their constitutional rights to equal protection.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(a) The Court declare that Defendant has violated Plaintiffs' constitutional rights as alleged;

(b) That Plaintiffs recover the amount of the actual and compensatory damages they suffered;

(c) That Plaintiffs recover reasonable attorney's fees and the costs of this action pursuant to 42 U.S.C. § 1988(b); and

(d) That Plaintiffs be awarded such other relief to which they may be entitled in law or equity.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

        **Plaintiffs,**
        **ANASTASIA GRADY, n.k.a REUTELSHOFER and**
        **KENNETH S. GRADY**
        **By Counsel:**

/s/ Gary M. Smith
Bren J. Pomponio (WVSB # 7774)
Gary M. Smith (WVSB # 12602)
MOUNTAIN STATE JUSTICE, INC.
1217 Quarrier Street
Charleston, WV 25301
Office: (304) 344-3144
Fax: (304) 344-3145
Email: bren@msjlaw.org
Email: gary@msjlaw.org
*Counsel for Plaintiffs*