IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

ANASTASIA GRADY
KENNETH S. GRADY,                                           Civil Action No.  2:24-cv-00214
    Plaintiffs,
v.

WOOD COUNTY, WEST VIRGINIA
    Defendant.

**DECLARATION OF ANASTASIA GRADY, aka ANASTASIA REUTELSHOFER**

I, Anastasia Grady, also known as Anastasia Reutelshofer, declare and affirm under penalty of perjury that I have personal knowledge of the following which is true to my knowledge.

1. My brother Kenneth S. Grady and I shared an undivided joint ownership of the home at 1300 West Virginia Avenue in Parkersburg, Wood County, West Virginia between 2019 and Wood County's issuance of the April 29, 2022, tax deed taking that home from us by deeding it to TASHPA LLC.

2. The house at 1300 West Virginia Avenue is the home in which I and my husband lived during the time relevant to this case.

3. For the year 2022, the Wood County Assessor's Office appraised the fair market value of the home at 1300 West Virginia Avenue, Parkersburg, as being $105,400.00, including land and building. *See* print out from the official website of the Wood County Assessor's Office, attached as Exhibit A. As one of the homeowners, it is my opinion, in agreement with the Wood County Assessor's Office, that the fair market value of the home at 1300 West Virginia Avenue in April 2022 was $105,400.00.

1

4. Other than the tax lien for 2019 taxes which Wood County sold to TASHPA LLC on November 9, 2020, the joint ownership interest my brother and I shared in the home was unencumbered by any lien or mortgage.

5. The documents obtained from Wood County during discovery in this case show that at the time the April 29, 2022, tax deed confiscating my home was issued to TASHPA LLC, the amount owed for payment of all unpaid taxes, collection costs, charges, fees, and statutory interest up to that date was $2,260.56. *See* Exhibit B, attached, Notice to Redeem (redemption amount good through 3/ 31/2022; figure adjusted for additional 1% per month interest per W. Va. Code §11A-3-23 as then in effect).

6. Consequently, on April 29, 2022, the amount of equity my brother and I had in the home exceeded the amount of tax debt by $103,139.44.

7. This was the amount of the unconstitutional excessive fine which Wood County imposed on my brother and I for my mistaken failure to redeem the correct property by my March 31, 2022, redemption payment.

8. This was also the amount of just compensation which my brother and I were entitled to receive for Wood County's April 29, 2022, taking of our home.

9. Wood County has never paid my brother or me any portion of the just compensation due us.

10. My brother and I are entitled to pre-judgment interest upon the amount of just compensation due us for the period between April 29, 2022, and the future date on which Wood County actually pays just compensation for its taking.

11.     The prejudgment interest owed us just for the 37 calendar months between April 29, 2022 – May 31, 2025, at the current 8% West Virginia statutory interest rate (which is less than the 12% interest rate Wood County charged for unpaid property taxes), is $ 25,438.31.

12.     My family and I suffered other damages flowing from Wood County's failure to pay just compensation within a reasonable time after it took our home on April 29, 2022.

13.     I understand my inability to pay the 2019 property taxes when due and the mistake I made in 2022 by redeeming the wrong property allowed Wood County legally to take the home and deed it to TASHPA LLC. Neither my brother nor I claim Wood County's taking of the home because of unpaid taxes itself constituted a legal wrong for which we are entitled to recover damages.

14.     However, when Wood County took the home, my brother and I were entitled to receive just compensation for the amount of equity we lost over and above what was owed in taxes.

15.     Wood County's failure to pay just compensation for its taking caused my family and me to suffer great anxiety, sleeplessness, worry, and mental stress we would not have had to go through if Wood County had paid us just compensation when it was due.

16.     After I learned that TASHPA had the tax deed to my home, I went through a lengthy period of depression and extreme anxiety. The financial problems my husband and I were having due to the pandemic meant we did not have the money to pay a security deposit and first/last month rent and the moving costs, all of which we faced if we had to rent a different place to live. TASHPA owned our home, and I truly feared my family would become homeless if it made us leave because we did not have the money to go somewhere else.

17.     While the tax deed it issued took our home away, had Wood County paid the just compensation then due my brother and I because of that taking, my family and I would not have

had to suffer such anxiety and fear. I would have been unhappy to lose the home, but I would not have suffered the same level of depression, anxiety, and fear of being made homeless because the payment of just compensation would have given us the money to obtain alternative housing if we had to. But Wood County's failure or refusal to pay just compensation caused us to suffer mental and emotional distress and fear of homelessness I need not have suffered had it paid as the Constitution required it.

18. Wood County's failure or refusal to pay just compensation when it took the home from me and my brother also caused me less serious, but longer-term and ongoing anxiety, financial stress, worry, and emotional distress in a different way.

19. Once I found out that Wood County had deeded the home to TASHPA LLC, I went to a lawyer to see what I could do to keep a place for my family to live. It took a long time for the lawyer to obtain a response from TASHPA LLC, and I was constantly anxious and worried during that time that I would be served eviction papers, and we would be out on the street because I had no money to rent a different home.

20. Eventually a lawyer representing TASHPA responded and in April 2023 my lawyer was able to negotiate a deal that allowed me to buy the home at 1300 West Virginia Avenue back from TASHPA.

21. Since Wood County had not paid just compensation, I did not have the money to pay TASHPA cash to get it to deed the house back to me. I therefore had to agree to pay TASHPA $18,000.00 over three years in thirty-six monthly payments. I understood that TASHPA would have sold me the home back for $15,000.00 if I had been able to pay that price in cash rather than require it to accept monthly payments.

22.     Making this deal with TASHPA improved my fear that any day my family would be homeless. However, my brother was not able to agree to pay TASHPA what it demanded. Therefore, Ken Grady was not a grantee of the quit claim deed when TASHPA returned the home and has not helped make any of the payments due TASHPA.

23.     While my immediate anxiety over eviction and possible homelessness decreased, through every month since April 2023 I have faced continuing anxiety and stress from the financial pressure about how I can make our limited income stretch to meet the payments due TASHPA each month, especially given our uncertain work and earnings. This has made arguments with my husband caused by money problems more frequent and upsetting.

24.     The deal I made with TASHPA requires me to pay a late charge if I delay so that I can put an entire payment together on our next pay day. The agreement also allows TASHPA to foreclosure immediately if I default.

25.     Twice since April 2023 my family's low income has caused me to fall far enough behind in payments to receive a notice from TASHPA threatening foreclosure if I do not bring the payments current within a short period. I managed to catch up on my own the first time, but the situation was worse when I most recently fell behind because of a job loss. For several months, we have struggled to catch up by making a "double payment" agreement with TASHPA, and I am still one month behind.

26.     I suffer anxiety, worry, and financially related stress each month from having to decide which bills not to pay, or to put off paying, so that I could pay TASHPA. The stress is continuing, since I no longer make this month's payment when I have to start worrying about how I will make next month's payment. Since April 2023, my family has had our electric service

shut off for non-payment because I could not pay TASHPA and pay all our other bills and pay the TASHPA installment as well.

27. I am still making payments to TASHPA, and I still have worry and anxiety each month trying to figure out how to pay my family's living expenses and make the TASHPA payment when it is due.

28. I would not have to go through this anxiety, financial stress, and worry each month if Wood County paid us just compensation when it took our home. I would have been able to buy back the home without increasing the pressure on my family's limited monthly budget.

29. Because of the above, I am entitled to recover the following amounts from Wood County as damages suffered as the result of its imposition of an excessive fine and refusal to pay just compensation for taking my home on April 29, 2022:

a. Lost equity in excess of the tax debt then due and/or excessive amount of sanction imposed (recovery to be shared with Kenneth S. Grady, joint owner on April 29, 2022)     $103,139.44

b. Interest on excessive sanction amount/ unpaid compensation as owed through 5/30/25     $ 25,438.31

c. Lost opportunity for price benefit on TASHPA buyback due to lack of just compensation payment that would have allowed cash repurchase     $ 3,000.00

d. Emotional distress, anxiety, worry, fear of homelessness, financial stress, and anxiety of stretching monthly income to cover monthly payments to TASHPA because could not use just compensation funds for cash buyback     $ 30,000.00

TOTAL **not** including fees and costs recoverable under 42 U.S.C. § 1988     $166,577.75

Sworn to and subscribed under penalty of perjury on May ___, 2025.

                                        _____
                                        Anastasia Grady

# PROPERTY RECORD - WOOD COUNTY ASSESSOR

View Building Record

| TAXING DISTRICT: 05 - PARKERSBURG CORPORATION | STREET ADDRESS: 1300 WEST VIRGINIA AVE | LEGAL DESCRIPTION: LOT #59 C H BARTLETTS ADN |
|---|---|---|

**CURRENT OWNER:** TASHPA LLC

**MAILING ADDRESS:** 1300 WEST VIRIGINIA AVE PARKERSBURG WV 26104-

**DEED BOOK/PAGE:** 1365/550

## SALES HISTORY

| SALE DATE | SALE PRICE | BOOK | PAGE |
|---|---|---|---|
| 10/1/2003 12:00:00 AM | $75,000.00 | 1365 | 550 |
| 10/1/2003 12:00:00 AM | $75,000.00 | 1365 | 550 |
| 6/1/1994 12:00:00 AM | $40,000.00 | 1365 | 550 |
| 9/1/1986 12:00:00 AM | $37,500.00 | 1365 | 550 |

## ASSESSMENT RECORD

| YEAR | APPRAISED LAND | APPRAISED BUILDING | TOTAL APPRAISED | TOTAL ASSESSED | CLASS | HOMESTEAD |
|---|---|---|---|---|---|---|
| 2023 | $16,200.00 | $92,600.00 | $108,800.00 | $65,280.00 | 4 | |
| 2022 | $16,200.00 | $89,200.00 | $105,400.00 | $63,240.00 | 2 | |
| 2021 | $16,200.00 | $85,800.00 | $102,000.00 | $61,200.00 | 2 | |
| 2020 | $16,200.00 | $82,400.00 | $98,600.00 | $39,160.00 | 2 | H |
| 2019 | $16,200.00 | $80,200.00 | $96,400.00 | $37,840.00 | 2 | H |
| 2018 | $16,200.00 | $77,900.00 | $94,100.00 | $36,460.00 | 2 | H |
| 2017 | $16,200.00 | $74,900.00 | $91,100.00 | $34,660.00 | 2 | H |
| 2016 | $15,700.00 | $72,300.00 | $88,000.00 | $32,800.00 | 2 | H |
| 2015 | $15,700.00 | $70,400.00 | $86,100.00 | $31,660.00 | 2 | H |
| 2014 | $15,700.00 | $68,200.00 | $83,900.00 | $30,340.00 | 2 | H |
| 2013 | $15,300.00 | $65,200.00 | $80,500.00 | $28,300.00 | 2 | H |
| 2012 | $15,300.00 | $63,700.00 | $79,000.00 | $27,400.00 | 2 | H |
| 2011 | $15,300.00 | $63,700.00 | $79,000.00 | $27,400.00 | 2 | H |
| 2010 | $15,300.00 | $62,900.00 | $78,200.00 | $26,920.00 | 2 | H |
| 2009 | $15,300.00 | $62,200.00 | $77,500.00 | $26,500.00 | 2 | H |
| 2008 | $17,300.00 | $55,100.00 | $72,400.00 | $23,440.00 | 2 | H |
| 2007 | $15,400.00 | $54,400.00 | $69,800.00 | $21,880.00 | 2 | H |
| 2006 | $15,400.00 | $52,400.00 | $67,800.00 | $20,680.00 | 2 | H |
| 2005 | $15,400.00 | $51,500.00 | $66,900.00 | $40,140.00 | 2 | H |
| 2004 | $15,400.00 | $49,800.00 | $65,200.00 | $39,120.00 | 2 | |

## LAND

**Map/Parcel:** 31 0116 0000 0000

| FRONTAGE | DEPTH | SF | ACRES | LAND VALUE |
|---|---|---|---|---|
| 40 | 140 | 5600 | 0.1286 | $16,150.00 |

© Copyright 2024, Wood County Assessor

Site maintained by Global Science & Technology, Inc.

DEF000101

Certificate of Sale 195
Redemption No

OCCUPANT
1300 WEST VIRGINIA AVE
PARKERSBURG WV 26104-1726

**RECEIVED**

DEC 15 2021
SWC

You will take notice that **TASHPA LLC**, the purchaser of the tax liens on the following real estate, **LOT #59 C H BARTLETTS ADN**, (here described the real estate for which the tax liens thereon were sold) located in **WOOD County, WV**, (here named the county, state in which the real estate is situated) which was returned delinquent in the name of **GRADY DONALD and GRADY DAWNA** and for which the tax liens thereon were sold by the sheriff of **WOOD County** at the sale for delinquent taxes made on **Tuesday, November 10, 2020**, has requested that you be notified that a deed for such real estate will be made to (him / her) on or after the first day of April, **2022**, as provided by law, unless before that day you redeem such real estate. The amount you will have to pay to redeem **Thursday, March 31, 2022**, will be as follows:

### Redemption Information

| | | | |
|---|---|---|---|
| Tax amount paid | $ 1,282.21 | Total sale amount | $ 4,750.00 |
| Tax interest | $ 217.97 | less Tax amount paid | $ 1,282.21 |
| Additional tax amount | $ 0.00 | Total excess amount | $ 3,467.79 |
| Additional tax interest | $ 0.00 | Excess taxes are refunded to purchaser by the Sheriff. | |
| Title exam | $ 500.00 | | |
| Title exam interest | $ 30.00 | **Total Due Sheriff:** | $ 2,203.18 |
| Preparation fees | $ 10.00 | | |
| Notices to redeem | $ 103.00 | Please make this a certified check or money order payable to the Sheriff. | |
| Certified mail cost | $ 60.00 | | |
| Publication fees | $ 0.00 | **Total Due Clerk:** | $ 35.00 |
| Recording fees | $ 0.00 | | |
| Total Due Sheriff | $ 2,203.18 | Please make this a certified check or money order payable to the Clerk. | |
| Total Due Clerk | $ 35.00 | | |

You may redeem at any time on or before **Thursday, March 31, 2022**, by paying the above total less any unearned interest and unused publication costs.

MARK RHODES
WOOD COUNTY COMMISSION
PO BOX 1474
PARKERSBURG WV 26102-1474
(304) 424-1850

GIVEN this Friday, December 10, 2021

Mark Rhodes

MARK RHODES
CLERK of the WOOD COUNTY COMMISSION

STATE OF WEST VIRGINIA,
COUNTY OF WOOD, TO-WIT:
The within named Occupant
Not Found in Wood County, West Virginia
this the 17 day of December 2021
RW Cochran
Sheriff, Wood County West Virginia
By [signature]

Left a Notice